UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**BERNARDO SANTIAGO,**         )
                               )
    **Plaintiff,**             )
                               )
v.                             )   Case: 1:07-cv-00528
                               )   Assigned To : Unassigned
**HARLEY LAPPIN, et al.,**     )   Assign. Date : 03/19/2007
                               )   Description: SANTIAGO V. HARLEY LAPPIN, ET AL.,
    **Defendants.**            )

### TRANSFER ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The case will be transferred to the United States District Court for the Eastern District of North Carolina for the following reasons.

Plaintiff is an inmate at the Rivers Correctional Institution in Winton, North Carolina. He alleges that he has severe physical disabilities, included a metal plate in his left leg. He claims that he has been shot three times and one of the bullets remains in his leg, rubbing against the metal plate. According to plaintiff, the Bureau of Prisons has exhibited deliberate indifference to his medical needs.

Under Title 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)(en banc).

The actions alleged in the complaint occurred in North Carolina. The case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes*, 512 F.2d at 932-33. The District of Columbia has no apparent connection to this case. *See Boers*, 133 F.Supp.2d at 66. Therefore, in the interests of justice, it is

**ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina. Whether plaintiff should be permitted to proceed *in forma pauperis* is a matter to be addressed by the transferee court.

United States District Judge

Dated: 3/8/07